UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              : Chapter 11
                                                    : Case No. 09-14398 (AJG)
CABRINI MEDICAL CENTER,                             :
                                                    :
                              Debtor.               :
                                                    :
------------------------------------------------------------x

## DECLARATION OF ROSS ETTIN IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO RETAIN GREAT AMERICAN GROUP, LLC AS ITS LIQUIDATION CONSULTANT

ROSS ETTIN, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1. I am a Senior Vice President of Great American Group ("Great American" or "Consultant") with offices located at Nine Parkway North, Suite 300, Deerfield, Illinois 60015. I make this declaration (the "Declaration") of my personal knowledge based upon inquiries made by myself and on my behalf in support of that certain application dated January 8, 2010 (the "Application") of Cabrini Medical Center (the "Debtor"), for entry of an order authorizing the Debtor to retain Great American Group, LLC as its liquidation consultant.

### Qualifications of Great American

2. Great American is one of the country's leading asset disposition firms. In addition to helping companies maximize the value of their assets, Great American manages human resources, real estate relationships, and other critical areas that are affected when companies liquidate assets. Great American's management team and partners have managed

1

thousands of stores and billions of dollars in inventory, and have many years of experience in obtaining maximum value for assets. Significantly, Great American's management team has managed several recent healthcare-related asset sales, including those of Doctors' Hospital in Springfield, Illinois; St. Agnes Hospital in White Plains, New York; Osteopathic Medical Center in Fort Worth, Texas; Granada Hills Community Hospital in Granada Hills, California; Edgewater Medical Center in Chicago, Illinois; Waltham Hospital in Waltham, Massachusetts; Franciscan Medical Center in Dayton, Ohio; Weinberger Surgical Center in Merrillville, Indiana; Brea Community Hospital in Brea, California; and Elastar Community Hospital in East Los Angeles, California. Moreover, Great American has been involved in numerous chapter 11 cases of large healthcare providers in New York, including, among others, Saint Vincents Catholic Medical Centers of New York (S.D.N.Y., Case No. 05-14945), Victory Memorial Hospital (E.D.N.Y., Case No. 06-44387), and The New York United Hospital Medical Center (S.D.N.Y., Case No. 04-23889). For these reasons, I believe that Great American is well qualified to act as the Debtor's liquidation consultant in this chapter 11 case.

## Great American's Disinterestedness

3. To the best of my knowledge, information, and belief, based on reasonable inquiry, (i) neither I, Great American, nor the other principals and directors of Great American (the "Great American Principals") that are anticipated to provide services to the Debtor in this chapter 11 case, nor the employees of Great American who are anticipated to provide such services, hold or represent any interest adverse to the Debtor with respect to the matters on which Great American is to be retained in this chapter 11 case; and (ii) Great American and the Great American Principals have no relationship to the Debtor, any of the

Debtor's significant creditors, other parties-in-interest, the United States Trustee, or any person employed by the office of the United States Trustee, or to the attorneys or other professionals that are known to be assisting the Debtor in this chapter 11 case, except as is described below.

4. From time to time, Great American and its affiliates have provided services, may currently provide services, and likely will continue to provide services, to certain creditors of the Debtor, other parties-in-interest and various other parties potentially adverse to the Debtor in matters unrelated to this chapter 11 case. As described in more detail below, however, Great American has undertaken an internal search to determine whether it is or has been employed by or had other relationships with any entities that were listed on schedules provided to Great American by the Debtors in connection with this chapter 11 case.

5. To check upon and disclose possible relationships with parties-in-interest in this case, Great American researched its client databases and performed reasonable due diligence to determine whether it had any relationships with the Debtor's secured creditors, top 100 unsecured creditors, and pending litigation parties, provided to Great American by the Debtor. Despite the efforts described above to identify and disclose Great American's connections with parties-in-interest in this chapter 11 case, because the Debtor is a large enterprise, Great American is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if Great American discovers additional material information that it determines requires disclosure, it will promptly file a supplemental disclosure with this Court.

6. From the internal search, Great American has determined that the following relationships should be disclosed:

- Great American Asset Valuation, LLC, an affiliate of Great American, has a credit agreement with Siemens First Capital Commercial Finance, presumably an affiliate of Siemens Financial Services, an unsecured creditor of the Debtor.

- Great American may have performed appraisal work on matters unrelated to this chapter 11 case for GE Healthcare Financial Services, a party-in-interest.

- In September, 2006, Great American performed work for St. Vincents, a secured creditor of the Debtor, in its chapter 11 case.

- Great American has performed work in other cases on matters unrelated to this case in which the unsecured creditor, Alvarez & Marsal Healthcare, has also been engaged.

- Great American has been retained in other cases on matters unrelated to this case in which the law firm Proskauer Rose LLP, shown as a creditor herein, has been engaged.

7. Except as may be disclosed herein, to the best of my knowledge, Great American and the Great American Principals do not hold or represent any interest adverse to the Debtor, or its estate, and I believe that Great American and the Great American Principals are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

**Professional Compensation**

8. Great American intends to enter into a consulting agreement with the Debtor substantially in the form of the Liquidation Agreement attached to the Application as *Exhibit "2"* (the "Agreement"), which sets forth the terms and conditions upon which Great American would be retained.

9. As set forth more fully in the Agreement and the Application, Great American has guaranteed that the proceeds from the Sale to the Debtor shall be no less than $200,000. As compensation for services rendered under the Agreement, (a) the proceeds from the Sale

4

of the Assets shall be paid as follows: (i) the initial proceeds up to $200,000 shall be paid to the Debtor (to the extent the Guaranteed Amount has not yet been paid) and then to Great American to reimburse payment of the Guaranteed Amount; (ii) the next $60,000 of available proceeds shall be paid to Great American as its reimbursement of Sale Expenses and an initial fee; and (iii) any additional proceeds after $260,000 shall be divided 85% to the Debtor and 15% to Great American and (b) Great American shall be allowed to charge purchasers of the Assets a fee of up to thirteen percent (13%) (the "Buyer's Premium"). Any Buyer's Premium collected shall not be considered proceeds for the purpose of calculating the Commission.

10. Great American has not received a retainer in connection with this chapter 11 case and has not rendered any services to the Debtor during the past year prior to the Petition Date.

11. Great American has received no promises regarding compensation in this case and Great American has no agreement with any non-affiliated entity to share any compensation earned in these cases.

12. Given the nature of Great American's engagement, Great American will not be billing the Debtor by the hour and will not be keeping record of time spent for professional services rendered in this chapter 11 case. Great American will not be filing formal fee applications for approval of its compensation and reimbursement of its expenses, but as provided for in the Application, and as provided for in the Agreement, within twenty (20) business days following the completion of the Sale, Great American shall provide the Debtor with a final written accounting of the proceeds of the Sale and a statement of the specific services rendered and calculation of the balance due the Great American ("Report of Sale"). Such Report of Sale shall satisfy any requirements of Great American regarding requirements

with Bankruptcy Code under §§327, 328, 330, 331 and 363 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure in terms of Greta American's compensation above. Upon request, Great American shall provide the Debtor with copies of any and all bills and vouchers relating to the Sale Expenses or other documentation thereof to enable the Debtor to reasonably verify the correctness of any such accounting.

13. I declare under penalty of perjury that the foregoing is true and correct.

Ross Ettin
Senior Vice President
Great American Group, LLC

F:\Great American\Cabrini Med Center\Docs\Final Declaraton.doc