Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Howard P. Magaliff

*Bankruptcy Counsel for
the Debtor and Debtor in Possession*

Hearing Date: February 3, 2010
At: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :     Chapter 11
                                                            :     Case No. 09-14398 (AJG)
CABRINI MEDICAL CENTER,                                     :
                                                            :
                                    Debtor.                 :
                                                            :
------------------------------------------------------------x

**DEBTOR'S OMNIBUS RESPONSE TO: (I) OBJECTION OF
GPDDC, L.L.C TO DEBTOR'S MOTION TO SELL ASSETS FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER
INTERESTS; (II) LIMITED OBJECTION OF PHILIPS MEDICAL SYSTEMS
(CLEVELAND), INC. TO MOTION OF CABRINI MEDICAL CENTER FOR
APPROVAL OF SALE OF REAL PROPERTY AND RELATED ASSETS; AND
<u>(III) JOHN F. REILLY'S LIMITED OBJECTION AND RESERVATION OF RIGHTS</u>**

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

        Cabrini Medical Center (the "Debtor"), as debtor and debtor in possession, by its attorneys Togut, Segal & Segal LLP, submits this omnibus response (the "Response") to (i) the objection filed by GPDDC, L.C.C. ("GPDDC") (the "GPDDC Objection")[1] [Docket No. 194]; (ii) the limited objection filed by Philips Medical Systems ("Philips") (the "Philips Objection") [Docket No. 268]; and (iii) the limited objection and reservation of rights filed by John F. Reilly ("Reilly") [Docket No. 267] (the "Reilly Ob-

---

[1]  GPDDC filed its objection prior to the hearing on December 16, 2009 to consider the Debtor's motion to, among other things, approve bid procedures.  The Debtor filed a reply at the time, and asserted that the objection should be considered at the sale hearing, inasmuch as GPDDC was not objecting to the bid procedures.  The GPDDC Objection was preserved until the sale hearing.

jection" and collectively with the GPDDC Objection and the Philips Objection, the "Objections") to the Debtor's motion (the "Sale Motion")[2], *inter alia*, for an order authorizing the sale of the Debtor's assets free and clear of liens, claims, encumbrances and other interests pursuant to section 363(f) of title 11, United States Code (the "Bankruptcy Code"), and respectfully states:

1. Pursuant to this Court's Order dated December 30, 2009 approving bid procedures for the sale of the Debtor's assets, an auction was held on January 28, 2010 to consider the stalking horse bid of Cabre Partners, LLC, and the topping bid of SKI Realty, Inc. Cabre Partners did not submit a further bid. The Debtor, upon consultation with the DIP Lender and the Creditors' Committee, declared SKI Realty the successful bidder, with an $83.1 million bid, and closed the auction. The Debtor intends to seek approval of SKI Realty as having submitted the highest and best bid at a hearing on February 3, 2010.

2. The Objections have all been resolved; moreover, none of the Objections actually opposes the sale of the Debtor's assets. As such, the Debtor submits that the sale to SKI Realty as the successful bidder should be approved, subject to Court approval of the settlement resolving the GPDDC Objection described below.

3. The GPDDC Objection asserted that the property could not be sold free and clear of GPDDC's leasehold interest pursuant to section 363(f) of the Bankruptcy Code unless the Debtor provided GPDDC adequate protection pursuant to section 363(e) (*i.e.*, sufficient time to relocate and a payment to offset the cost and related expenses attendant to relocation). The parties have entered into a Settlement and Leasehold Surrender Agreement that provides, *inter alia*, that GPDDC will surrender its

---

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Sale Motion.

2

interest in the premises and the Debtor will make an adequate protection payment to GPDDC out of the proceeds of the sale. The Debtor has filed a motion to approve the settlement with GPDDC under Federal Rule of Bankruptcy Procedure 9019(a), and a proposed scheduling order for a hearing on February 10, 2010.

4. Philips is an equipment lessor. It leased an MRI machine to the Debtor. The Philips Objection asserted that the MRI machine was an excluded asset that could not be sold. The Debtor has confirmed to Philips that the MRI machine is an excluded asset. Accordingly, this is no longer an issue.

5. Reilly is the relator in a *qui tam* action against the Debtor – captioned United States of America *ex rel.* John F. Reilly v. Catskill Regional Medical Center, et al., S.D.N.Y. No. 2000-civ-7906 (KMW) – that was settled on March 28, 2007. The settlement is memorialized in a written agreement and secured by a docketed judgment in favor of the United States. The Reilly Objection asserted that the United States' judgment covers all five of the Debtor's buildings, and that a subordination agreement entered into between the United States and Sun Life was not enforceable as to Reilly because he did not execute the subordination agreement. Reilly does not object to the sale *per se*, but requests that the proceeds of sale be held in escrow pending a determination of how those proceeds will be allocated and distributed.

6. The Debtor agrees with the position asserted by Sun Life in its response dated February 1, 2010 to the Reilly Objection, that Reilly has no direct claim against the Debtor; his claims are derivative of the claims of the United States. The Reilly issue is one of allocation, not sale approval, which the Debtor acknowledges must be determined before the sale proceeds can be distributed. Counsel for the Debtor has spoken with counsel for Reilly, who concurs that there is no objection to the sale.

**WHEREFORE**, the Debtor respectfully requests that the Court overrule or deem the Objections withdrawn consistent with the resolutions discussed in this Response, and grant such other and further relief as the Court considers appropriate.

Dated: New York, New York
February 2, 2010

CABRINI MEDICAL CENTER
Debtor and Debtor in Possession
By its attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Frank A. Oswald
FRANK A. OSWALD
HOWARD P. MAGALIFF
One Penn Plaza, Suite 3335
New York, New York 10019
(212) 594-5000