Togut, Segal & Segal LLP  
One Penn Plaza, Suite 3335  
New York, New York 10119  
(212) 594-5000  
Frank A. Oswald  
Howard P. Magaliff  

*Bankruptcy Counsel for the  
 Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  
                                              :  

In re:                                           :       Chapter 11  
                                             :       Case No. 09-14398 (AJG)  
CABRINI MEDICAL CENTER,             :  
                                             :  
                          Debtor.       :  
                                             :  
------------------------------------------------------------x  

### *EX PARTE* MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(b) AND (m), 3017(a) AND 9007 (A) SCHEDULING A DISCLOSURE STATEMENT HEARING, (B) APPROVING FORM AND MANNER OF NOTICE AND (C) ESTABLISHING A DEADLINE FOR OBJECTIONS AND MODIFICATIONS TO THE PROPOSED DISCLOSURE STATEMENT

TO THE HONORABLE ARTHUR J. GONZALEZ,  
CHIEF UNITED STATES BANKRUPTCY JUDGE:

        Cabrini Medical Center ("Cabrini" or the "Debtor"), as debtor and debtor in possession, by its attorneys Togut, Segal & Segal LLP, respectfully submits this motion (the "Motion") for entry of an order, pursuant to Rules 2002(b) and (m), 3017(a) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) scheduling a disclosure statement hearing, (b) approving the form and manner of notice in connection therewith and (c) establishing a deadline for objections and proposed modifications to the proposed disclosure statement). In support of the Motion, the Debtor states:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought in this Motion is based upon Bankruptcy Rules 2002(b), 2002(m), 3017(a) and 9007.

## BACKGROUND

3. On July 9, 2009 (the "Petition Date"), the Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. On July 20, 2009, the United States Trustee appointed a committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

## FILING OF THE JOINT PLAN AND DISCLOSURE STATEMENT

4. On December 21, 2010, Cabrini and the Committee filed a joint plan of liquidation for Cabrini (as may be amended, the "Plan") and a proposed disclosure statement (as may be amended, the "Proposed Disclosure Statement").

5. In accordance with Bankruptcy Rule 3017(a), the Debtor proposes that the Court schedule the Disclosure Statement Hearing (defined below), for 9:30 a.m. Eastern Time on January 26, 2011.

6. If this Motion is granted, the Debtor will file a subsequent motion (the "Disclosure Statement Motion") to be heard at Disclosure Statement Hearing requesting entry of an order (i) approving the Proposed Disclosure Statement; (ii) scheduling a hearing to consider confirmation of the Plan; (iii) establishing a deadline and procedures for filing objections to confirmation of the Plan; (iv) establishing a

deadline and procedures for temporary allowance of claims for voting purposes; (v) establishing the treatment of certain contingent, unliquidated and disputed claims for notice and voting purposes; (vi) approving the form and manner of notice of hearing on confirmation and related issues and approving procedures for distribution of solicitation packages; (vii) approving the form of ballots; and (viii) establishing a voting deadline for receipt of ballots and procedures for the tabulation of ballots.

### RELIEF REQUESTED

7.	The Debtor seeks entry of an order (i) scheduling a hearing to consider approval of Cabrini's Proposed Disclosure Statement, (ii) establishing the form and manner of serving notice of the Disclosure Statement Hearing on parties in interest, and (iii) establishing a deadline for objections and proposed modifications to the Proposed Disclosure Statement.

8.	Bankruptcy Rule 3017(a) provides:

> Except as provided in Rule 3017.1, after a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan. Objections to the disclosure statement shall be filed and served on the debtor, the trustee, any committee appointed under the Code, and any other entity designated by the court, at any time before the disclosure statement is approved or by an earlier date as the court may fix. In a chapter 11 reorganization case, every notice, plan, disclosure statement, and objection required to be served or mailed pursuant to this subdivision shall be transmitted to the United States trustee within the time provided in this subdivision.

Fed. R. Bankr. P. 3017(a).

9. Cabrini and the Committee filed the Plan and Proposed Disclosure Statement on December 21, 2010. In accordance with Bankruptcy Rule 3017(a), the Debtor requests that the Court establish the date and time to consider approval of the Proposed Disclosure Statement pursuant to section 1125 of the Bankruptcy Code (the "Disclosure Statement Hearing"). The Disclosure Statement Hearing may be continued from time to time by the Court or the Plan proponents, without further notice other than adjournments announced in open court.

10. The proposed date for the Disclosure Statement Hearing is in compliance with the Bankruptcy Rules, will allow the Debtor the opportunity to provide at least 28 days' of notice of the Disclosure Statement Hearing, and will enable the Debtor to pursue approval of the Proposed Disclosure Statement and confirmation of the Plan in a timely fashion.

11. The Debtor also requests that the Court establish a deadline seven days prior to the Disclosure Statement Hearing for the filing and service of objections and proposed modifications to the Proposed Disclosure Statement (the "Objection Deadline"), will afford the Court, the Debtor, the Committee and other significant parties in interest sufficient time to consider objections before the Disclosure Statement Hearing.

12. The Debtor also requests approval of the notice, annexed to this Motion as <u>Exhibit 1</u> (the "Disclosure Statement Notice"), which provides that any party filing an objection must comply with the Bankruptcy Rules and must (i) do so in writing, (ii) state the name and address of the objecting party and the nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection and include, where appropriate, the specific language proposed to be deleted if deletion is sought or the proposed language to be inserted in the Proposed Disclosure

4

Statement to resolve any such objection, and (iv) be filed, together with proof of service, with the Court (with a courtesy copy delivered to Chief Judge Gonzalez's Chambers) and served so that they are received on or before the Objection Deadline by (1) counsel for the Debtor, (2) counsel for the Committee, (3) counsel for MSSH, and (4) the Office of the United States Trustee, at the addresses set forth in the Disclosure Statement Notice. The Debtor submits that these requirements are reasonable and not unduly burdensome and comply with Bankruptcy Rules 2002(b) and 3017(a), and should therefore be approved.

### THE DEBTORS' FORM AND MANNER OF NOTICE OF THE DISCLOSURE STATEMENT HEARING SHOULD BE APPROVED

13. Bankruptcy Rules 2002(b) and (d) require notice by mail to all creditors and equity security holders[1] of the time set for filing objections to, and the hearing to consider the approval of a disclosure statement. On or before December 29, 2010, the Debtor intends to serve copies of the Disclosure Statement Notice, Disclosure Statement Motion, the Proposed Disclosure Statement and the Plan (annexed as an exhibit to the Proposed Disclosure Statement), by overnight or first class mail to (i) the Office of the United States Trustee, 33 Whitehall Street, 21st floor, New York, New York 10004 (Attn: Andrea B. Schwartz, Esq.); (ii) the attorneys for the Committee, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016 (Attn: Martin G. Bunin Esq. and Craig E. Freeman, Esq.); (iii) counsel for MSSH, Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, New York 10018 (Attn: Tracy Klestadt, Esq. and Sean Southard, Esq.); (iv) all other parties that have filed a notice of appearance in the Debtor's chapter 11 case pursuant to Bankruptcy Rule 2002; (v) the Securities and

---

[1] Cabrini is a not-for-profit corporation and has members rather than shareholders.

Exchange Commission; (vi) the Internal revenue Service; (vii) the Attorney General of the state of New York; and (viii) the New York State Department of Health.

14. The Debtor also proposes to mail, on or before December 29, 2010, a copy of the Disclosure Statement Notice to (i) all creditors that have either (a) filed proofs of claims in the Debtor's chapter 11 case (including any creditor who has transferred its claim in this case) or (b) are listed in the Debtor's schedules of assets and liabilities, or any amendments thereto in a liquidated, non-contingent and undisputed amount and (ii) any entity that has filed with the Court a notice of the transfer of a claim under Bankruptcy Rule 3001(e). Accordingly, the Debtor will have provided the above-referenced parties with at least 28 days' notice of the Disclosure Statement Hearing.

15. The Debtor does not intend to provide notice of the Disclosure Statement Hearing to persons or entities (ii) that were scheduled by the Debtor in unliquidated, contingent or disputed amounts unless a proof of claim was filed or (ii) whose claims have been waived, withdrawn, disallowed or expunged.

16. The Debtor also will provide copies of the Proposed Disclosure Statement and the Plan to any party in interest who specifically requests them in the manner specified in the Disclosure Statement Notice and Bankruptcy Rule 3017(a). A copy of the Proposed Disclosure Statement and the Plan will also be on file with the Clerk of the Bankruptcy Court for review during normal business hours and available through the internet website of the Bankruptcy Court of the Southern District of New York at http://ecf.nysb.uscourts.gov or by contacting Kurtzman Carson Consultants LLC, the claims and noticing agent in this chapter 11 case. The Debtor submits that the foregoing procedures will provide adequate notice for all purposes of the Disclosure

Statement Hearing and, accordingly, request that the Court enter the proposed order attached as <u>Exhibit 2</u> approving such notice as adequate.

17. Based upon the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interests of the estate and creditors, and should be granted in all respects.

18. No previous request for the relief sought has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court approve this Motion in all respects, and grant the Debtor such other and further relief as is just and proper.

Dated: New York, New York  TOGUT, SEGAL & SEGAL LLP
       December 22, 2010  Counsel for Debtor and
           Debtor in Possession
       By:

      /s/ Frank A. Oswald
      FRANK A. OSWALD
      HOWARD P. MAGALIFF
      One Penn Plaza, Suite 3335
      New York, New York 10119
      (212) 594-5000