UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                      :

In re:                                       :      Chapter 11

CABRINI MEDICAL CENTER,     :      Case No. 09-14398 (AJG)

                     Debtor.    :

-----------------------------------------------------------x

STATE OF NEW YORK  )
                           ) ss.:
COUNTY OF NEW YORK )

## AFFIDAVIT OF JASON SNYDER IN SUPPORT OF THE MANNUCCI PARTIES' OPPOSITION TO THE DEBTOR'S PROPOSED DISCLOSURE STATEMENT

JASON SNYDER, being duly sworn, deposes and says:

1. I am admitted to practice law before the courts of the State of New York, and am associated with the firm of Paduano & Weintraub LLP, 1251 Avenue of the Americas, Ninth Floor, New York, New York, 10020, attorneys for Mannuccio Mannucci, M.D., Angelo Taranta, M.D., Guido Padula, M.D. and Dilva Salvioni (the "Mannucci Parties"). I respectfully submit this Affidavit in support of the Mannucci Parties' Objection to the Debtor's Proposed Disclosure Statement (the "Disclosure Statement") Relating to the Plan of Liquidation (the "Plan") of Cabrini Medical Center ("Cabrini" or the "Debtor").

2. The Mannucci Parties are three physicians in their 80s, and the widow of a physician who worked for decades at Cabrini. The four physicians are each party to one or more deferred compensation agreements with Cabrini, each of

which is an "employee pension benefit plan" as defined by ERISA (the "Deferred Compensation Plans"). A copy of each of the Deferred Compensation Plans is attached hereto as Exhibit A[1].

3. Starting with deposits in the 1960s, the doctors' funds grew into millions of dollars in investment brokerage accounts ultimately located at Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"). A copy of each "Fiscal Statement" showing the respective Mannucci Parties' account balances as of December 31, 2006 – which is an example of the account statements received by the Mannucci Parties while their Deferred Compensation Plans were located at Merrill Lynch – is attached hereto as Exhibit B.

4. In 2006 and 2007, Cabrini improperly took almost $3 million from the Mannucci Parties' Deferred Compensation Plans, completely wiping out the Merrill Lynch accounts where the deferred compensation was invested.

5. Cabrini has acknowledged taking the money from the Mannucci Parties' Deferred Compensation Plans, as evidenced by the letters Cabrini sent to the Mannucci Parties promising to repay the money. A copy of the letter from Robert Chaloner, President/CEO of Cabrini, dated November 16, 2006, to Dr. Taranta is attached hereto as Exhibit C. Cabrini's letters to the other Mannucci Parties were virtually identical to the letter sent to Dr. Taranta. The money still has not been repaid and the remaining money in each of the deferred compensation

---

[1] Neither Dr. Mannucci nor Cabrini has been able to locate a copy of Dr. Mannucci's deferred compensation agreement, although no one has disputed the existence of such an agreement. Furthermore, Dr. Mannucci's compensation was deferred as reflected on the Merrill Lynch account statements attached as Exhibit B and the letter attached as Exhibit C.

2

accounts has since been cleaned out by Cabrini, without even a letter or other notification to the Mannucci Parties.

6. On July 9, 2009, Cabrini filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

7. On November 19, 2009, each of the Mannucci Parties filed a proof of claim with the Court. A copy of each proof of claim is attached hereto as <u>Exhibit D</u>.

8. The Mannucci Parties object to the proposed Disclosure Statement as deficient and flawed. The Disclosure Statement inflates the Debtor's assets by nearly $3 million that is actually property of the Mannucci Parties, not property of the bankruptcy estate. The Disclosure Statement also describes a proposed injunction that would limit the ability of creditors to pursue certain actions against third party non-debtors. Under the circumstances present in these proceedings, the Mannucci Parties believe that it is inappropriate to enjoin a non-consenting creditor's claims against a non-debtor.

_____
Jason Snyder

Sworn to before me this
18th day of January, 2011

_____
Notary Public

JORDAN D. BECKER
Notary Public, State of New York
No. 60-5001832
Qualified in Westchester County
Commission Expires 9/14/14