# Exhibit A

SAMPLE

DEFERRED COMPENSATION AGREEMENT

THIS AGREEMENT, entered into this <u>1st</u> day of <u>April</u>, <u>1975</u>

by and between <u>Cabrini Health Care Center - Columbus Hospital</u> a

corporation organized and existing under the laws of <u>New York State</u>

(hereinafter referred to as "Corporation") and <u>Dr. Guido Fadula</u>

(hereinafter referred to as "Employee").

W I T N E S S E T H :

WHEREAS, the Employee has acquired valuable knowledge and experience necessary

to the Corporation; and

WHEREAS, it is deemed to be in the best interest of the Corporation to pro-

vide for the uninterrupted services of Employee in such capacities as shall be assigned

by the Board of Directors of the Corporation until he reaches the age of sixty-five

(65) and thereafter to have the advantage of his services in a consulting and advisory

capacity; and

WHEREAS, the Corporation and Employee desire to enter into this Agreement

as an integral part of Employee's employment contract;

NOW THEREFORE, in consideration of the premises and in order to effectuate

their mutual desires, purposes and intentions, the parties do agree as follows:

1. The Corporation has employed Employee as <u>Assistant Director of Radiology</u> and

Employee agrees to faithfully perform such services and duties as shall be assigned

to him by the Board of Directors and the Corporation until he retires or dies, or until

his employment is otherwise terminated as provided herein. Employee shall be paid

by the Corporation a salary at such annual rate as shall be determined by the Board

of Directors of the Corporation from time to time.

2. Employee shall retire from the Corporation on the last day of the month

in which he attains his sixty-fifth (65th) birthday unless the Corporation requests,

and Employee agrees to continue his employment beyond that date. "Retirement" as

used in this Agreement shall refer to Employee's actual retirement from the Cor-

poration.

3. On or about the last day of each month beginning with the first month

of the calendar year following the day and year first above written, while Employee

remains in the employ of the Corporation, the Corporation will purchase in the name

of the Corporation, mutual fund shares of (Bullock Fund, Ltd., Dividend Shares, Inc.,

or New York Venture Fund, Inc.) in amounts totaling ___Three Thousand___

($ __3,000.00__ ) Dollars per annum in accordance with the terms of an Accumulation

Plan of such mutual fund which provides for the automatic reinvestment in additional

shares of said Fund of all dividends and distributions (both from income and capital

appreciation) which may accrue therefrom. Employee shall have no right in such mutual

fund shares, which shall be the absolute property of the Corporation.

4. Employee shall have the right to designate a beneficiary and, from time

to time, to change such designation by written notice delivered to the Corporation.

If there is no designated beneficiary surviving when a payment is due, payment of any

benefits which may be payable shall be made to the person in, or divided equally among

all the persons in the first of the following classes in which there shall be any

survivors of Employee:

        (a) his spouse;
        (b) his children;
        (c) his parents;
        (d) his brothers and sisters;
        (e) his executors or administrators.

5. Employee, or his beneficiary, shall receive distributions, as hereinafter

provided, as soon as practicable following Employee's termination of employment with

the Corporation.

6. Starting with the first year of distribution, the Directors of the Cor-

poration shall adopt one of the following modes of distribution;

(a) A lump sum distribution equivalent to the value of the total

    number of mutual fund shares accumulated by the Corporation

    pursuant to this Agreement.

(b) Periodic installments over any period not exceeding the Employee's

    or beneficiary's life expectancy.

    The number of such installments shall be measured by no more than

    the number of years in the Employee's or beneficiary's life

    expectancy at the time of initial distribution. The fraction

    determining the total yearly payment, shall become progressingly

    greater. For example, if life expectancy is fifteen years, for

    the first year there shall be paid 1/15th of the value of the total

    number of mutual fund shares accumulated by the Corporation pursuant

    to this Agreement, for the second year 1/14th of the remaining value

    at such time and preceeding until distribution has been fully com-

    pleted at the fifteenth year.

7. Employee shall elect whether to receive any of the above distributions in the form of cash or mutual fund shares.

8. Employee and the Corporation may at any time agree in writing to the substitution of any other mutual fund or investment medium as the measured base for determination of the amounts of Employee's benefits under Paragraph 6, above.

9. Neither Employee nor his beneficiary shall have any right to commute, sell, assign, transfer or otherwise convey the right to receive any payments hereunder, which payments and the right thereto are expressly declared to be non-assignable, non-transferable and non-forfeitable, nor shall any interest of Employee herein be liable to any claim of any creditor or subject to any judicial process involving Employee.

10. This Agreement shall be binding upon the parties hereto, their successors, assigns, executors, beneficiaries or administrators.

11. During the lifetime of Employee this Agreement may be amended or terminated, in whole or in part, by the mutual written agreement of Employee and the Board of Directors of the Corporation; provided, however, that no amendment or termination shall cause the payment of benefits provided herein to become forfeitable to the Employee.

12. During the period which Employee is receiving payments hereunder he will render to the Corporation such services of any advisory or consultative nature as the Corporation may reasonably require, so that the Corporation may continue to have the benefit of his experience and knowledge of the affairs of the Corporation and he will be available for advice and consultation to the officers and Directors of the Corporation at all reasonable times by telephone, letter or in person, provided, however, that his failure to render such services or to give such advice and consultation by reason of his illness or unavailability shall not affect his right to receive such payments during such period. Employee shall not be required to render any reports to the Corporation, nor shall he be required to observe any regular office hours in connection with the provisions of this Paragraph 12.

IN WITNESS WHEREOF, the Corporation has caused this Agreement to be executed by its duly authorized officer, and Employee has hereunto set his hand and seal on the day and year first above written.

CORPORATION: Cabrini Health Care Center
Columbus Hospital

EMPLOYEE: X _____

(sgn) _____

-3-

## SAMPLE DEFERRED COMPENSATION AGREEMENT

THIS AGREEMENT made at _Columbus Hospital_

this _Jun_ day of _1/67_ by and between _Columbus Hospital_

(hereinafter called "Employer") and _GUIDO PADULA_ (hereinafter

called "Employee".)

### W I T N E S S E T H   T H A T :

WHEREAS, Employee is now in the employ of Employer, and

WHEREAS, Employer desires to secure the benefit of Employee's services, knowledge and experience.

NOW, THEREFORE, this Agreement Witnesseth That:

FIRST: Employer agrees to employ Employee, and Employee agrees to work for Employer, in active employment for _3,000_ year(s) beginning _1/1/67_.

SECOND: Employee's regular compensation for such active employment shall be payable at such rates and times as shall be mutually agreeable to Employee and Employer.

THIRD: Employer agrees to pay additional compensation of $ _3,000.⁰⁰_ per year of active employment. The additional compensation will be set aside by Employer in an account set up with the Irving Trust Company in the Employer's name and invested in the shares of any open-end Investment Company under the management of Calvin Bullock, Ltd. Employer agrees to reinvest all dividends, capital gain distributions and other earnings from this account in additional Investment Company shares. The value of all accumulations set aside as deferred compensation as well as earnings on these accumulations shall be paid to Employee or his beneficiary under the conditions set forth below. It is expressly understood that all securities in the account shall at all times remain the property of Employer.

FOURTH: Employee shall have the right to designate a beneficiary and, from time to time, to change such designation by written notice delivered to Employer. If there is no designated beneficiary surviving when a payment is due, payment of any benefits which may be payable shall be made to the person in, or divided equally among all the persons in the first of the following classes in which there shall be any survivors of Employee:

        (i)    his spouse;
        (ii)   his children;
        (iii)  his parents;
        (iv)  his brothers and sisters;
        (v)   his executors or administrators.

FIFTH: The period of active employment of Employee by Employer may be extended for such further period or periods as the parties hereto shall mutually agree.

SIXTH: Employee, or a beneficiary designated in writing by him, shall receive distributions beginning on the first day of the second full month occuring after whichever of the following events first occurs to Employee:

a.   attaining age _____; or
b.   termination of employment for any reason whatever; or
c.   death.

SEVENTH: Starting with the first year of distribution, Employer or its agent, shall after consultation with Employee, adopt one of the following modes of distribution:

a.   A lump sum distribution.
b.   Ten equal installments.
     THE AMOUNT OF SUCH INSTALLMENTS SHALL BE: 1/10th of the
     then market value of the account during the first year,
     1/9th of the said value during the second year, and proceed-
     ing in larger fractions until at the end of ten years the
     entire fund has been distributed.
c.   Life expectancy installments.
     THE NUMBER OF SUCH INSTALLMENTS SHALL BE the number of
     years in the Employee's life expectancy as may be actuaria-
     lly determined. The fraction paid each year shall progress
     in the same manner as under b. For example, if the life
     expectancy is 15 years, the first year there shall be paid
     1/15th, the second year 1/14th, and proceeding until distri-
     bution has been completed.

If distribution commences because of the death of Employee, the above modes of payment shall be available for distributions to the beneficiary of Employee.

EIGHTH: Employee shall elect whether to receive any of the above distributions in the form of cash, the form of mutual fund shares, or through the purchase of an annuity.

NINTH: The interests of Employee under this Agreement shall not be subject to alienation, assignment, garnishment, attachment, execution or levy of any kind.

TENTH: All matters pertaining to the construction, validity and effect of this Agreement shall be determined in accordance with the laws of the State of
_____.

This Agreement shall be binding upon the successors in interest of both Employer and Employee. Signed by the parties hereto at the day and year above written.

_____
          (EMPLOYER)

_____
          (EMPLOYEE)

SAMPLE

DEFERRED COMPENSATION AGREEMENT

THIS AGREEMENT, entered into this 15th day of December , 1975
by and between Cabrini Health Care Center - Columbus Hospital a
corporation organized and existing under the laws of New York
(hereinafter referred to as "Corporation") and Angelo Taranta, M.D.
(hereinafter referred to as "Employee").

W I T N E S S E T H :

WHEREAS, the Employee has acquired valuable knowledge and experience necessary
to the Corporation; and

WHEREAS, it is deemed to be in the best interest of the Corporation to pro-
vide for the uninterrupted services of Employee in such capacities as shall be assigned
by the Board of Directors of the Corporation until he reaches the age of sixty-five
(65) and thereafter to have the advantage of his services in a consulting and advisory
capacity, and

WHEREAS, the Corporation and Employee desire to enter into this Agreement
as an integral part of Employee's employment contract;

NOW THEREFORE, in consideration of the premises and in order to effectuate
their mutual desires, purposes and intentions, the parties do agree as follows:

1. The Corporation has employed Employee as Director of Medicine and
Employee agrees to faithfully perform such services and duties as shall be assigned
to him by the Board of Directors and the Corporation until he retires or dies, or until
his employment is otherwise terminated as provided herein. Employee shall be paid
by the Corporation a salary at such annual rate as shall be determined by the Board
of Directors of the Corporation from time to time.

2. Employee shall retire from the Corporation on the last day of the month
in which he attains his sixty-fifth (65th) birthday unless the Corporation requests,
and Employee agrees to continue his employment beyond that date. "Retirement" as
used in this Agreement shall refer to Employee's actual retirement from the Cor-
poration.

3. On or about the last day of each month beginning with the first month
of the calendar year following the day and year first above written, while Employee
remains in the employ of the Corporation, the Corporation will purchase in the name
of the Corporation, mutual fund shares of (Bullock Fund, Ltd., Dividend Shares, Inc.,

-1-

New York Venture Fund, Inc.) in amounts totaling __Thirteen Thousand Eight Hundred Eighty__

($ __13,880__ ) Dollars per annum in accordance with the terms of an Accumulation

Plan of such mutual fund which provides for the automatic reinvestment in additional

shares of said Fund of all dividends and distributions (both from income and capital

appreciation) which may accrue therefrom. Employee shall have no right in such mutual

fund shares, which shall be the absolute property of the Corporation.

4. Employee shall have the right to designate a beneficiary and, from time

to time, to change such designation by written notice delivered to the Corporation.

If there is no designated beneficiary surviving when a payment is due, payment of any

benefits which may be payable shall be made to the person in, or divided equally among

all the persons in the first of the following classes in which there shall be any

survivors of Employee:

        (a) his spouse;
        (b) his children;
        (c) his parents;
        (d) his brothers and sisters;
        (e) his executors or administrators.

5. Employee, or his beneficiary, shall receive distributions, as hereinafter

provided, as soon as practicable following Employee's termination of employment with

the Corporation.

6. Starting with the first year of distribution, the Directors of the Cor-

poration shall adopt one of the following modes of distribution;

    (a) A lump sum distribution equivalent to the value of the total

        number of mutual fund shares accumulated by the Corporation

        pursuant to this Agreement.

    (b) Periodic installments over any period not exceeding the Employee's

        or beneficiary's life expectancy.

        The number of such installments shall be measured by no more than

        the number of years in the Employee's or beneficiary's life

        expectancy at the time of initial distribution. The fraction

        determining the total yearly payment, shall become progressingly

        greater. For example, if life expectancy is fifteen years, for

        the first year there shall be paid 1/15th of the value of the total

        number of mutual fund shares accumulated by the Corporation pursuant

        to this Agreement, for the second year 1/14th of the remaining value

        at such time and preceeding until distribution has been fully com-

        pleted at the fifteenth year.

7.  Employee shall elect whether to receive any of the above distributions in the form of cash or mutual fund shares.

8.  Employee and the Corporation may at any time agree in writing to the substitution of any other mutual fund or investment medium as the measured base for determination of the amounts of Employee's benefits under Paragraph 6. above.

9.  Neither Employee nor his beneficiary shall have any right to commute, sell, assign, transfer or otherwise convey the right to receive any payments hereunder, which payments and the right thereto are expressly declared to be non-assignable, non-transferable and non-forfeitable, nor shall any interest of Employee herein be liable to any claim of any creditor or subject to any judicial process involving Employee.

10.  This Agreement shall be binding upon the parties hereto, their successors, assigns, executors, beneficiaries or administrators.

11.  During the lifetime of Employee this Agreement may be amended or terminated, in whole or in part, by the mutual written agreement of Employee and the Board of Directors of the Corporation; provided, however, that no amendment or termination shall cause the payment of benefits provided herein to become forfeitable to the Employee.

12.  During the period which Employee is receiving payments hereunder he will render to the Corporation such services of any advisory or consultative nature as the Corporation may reasonably require, so that the Corporation may continue to have the benefit of his experience and knowledge of the affairs of the Corporation and he will be available for advice and consultation to the officers and Directors of the Corporation at all reasonable times by telephone, letter or in person, provided, however, that his failure to render such services or to give such advice and consultation by reason of his illness or unavailability shall not affect his right to receive such payments during such period. Employee shall not be required to render any reports to the Corporation, nor shall he be required to observe any regular office hours in connection with the provisions of this Paragraph 12.

IN WITNESS WHEREOF, the Corporation has caused this Agreement to be executed by its duly authorized officer, and Employee has hereunto set his hand and seal on the day and year first above written.

CORPORATION:     Cabrini Health Care Center
                 Columbus Hospital

EMPLOYEE:        *Angelo Taranta*
                 Angelo Taranta, M.D.

                 (sgn) *Vincent Massaro*

-3-



THIS AGREEMENT, entered into this ____ day of _____
19__, by and between Cabrini Medical Center, a corporation organized
and existing under the laws of New York State (hereinafter referred to
as "Corporation") and ___Daniel Salvioni_____ (hereinafter
referred to as "Employee").

## W I T N E S S E T H

WHEREAS, the Employee has acquired valuable knowledge and
experience necessary to the Corporation; and

WHEREAS, it is deemed to be in the best interest of the
Corporation to provide for the uninterrupted services of Employee
in such capacities as shall be assigned by the Board of Directors of
the Corporation until he reaches the age of 65, retires or otherwise
terminates employment; and

WHEREAS, the Corporation and Employee desire to enter into this
Agreement as an integral part of Employee's employment contract:

NOW, THEREFORE, in consideration of the premises and in order
to effectuate their mutual desires, purposes, and intentions, the
parties do agree as follows:

1. The Corporation hereby employs Employee as __physician_____
and Employee agrees to faithfully perform such services and duties as
shall be assigned to him by the Board of Directors of the Corporation
until he retires or dies, or until his employment is otherwise
terminated.  Employee shall be paid by the Corporation a salary at



such annual rate as shall be determined by the Board of Directors of the Corporation from time to time.

2. Employee shall retire from the Corporation on the last day of the month in which he attains his 65th birthday unless the Corporation requests, and Employee agrees, to continue his employment beyond that date.

3. On or about the last day of each month, beginning with the first month of the calendar year following the day and year first above written, while Employee remains in the employ of the Corporation, the Corporation will set aside on its books and records ----------------- ($14,000.00 ) Dollars for the purpose of providing the benefits set forth in paragraph 6 below.

4. Employee shall have the right to designate a beneficiary to receive his benefits in the event of Employee's death and, from time to time, change such designation by written notice delivered to the Corporation. If there is no designated beneficiary surviving when a payment is due, payment of any benefits shall be made to the estate of the Employee.

5. Employee, or his beneficiary, shall receive distributions, as hereinafter provided, as soon as practicable following Employee's termination of employment with the Corporation.

6. Employee, with the consent of the Corporation, may designate a mutual fund the shares of which may, but are not required to, be purchased by the Corporation with amounts set aside in paragraph 3. Any mutual fund shares that may be purchased by the Corporation shall belong solely to the Corporation. The value of the mutual fund shares designated by the Employee, whether or not purchased by the Corporation, shall determine the amount of benefits payable under paragraph 7. Employee and the Corporation may at any time agree in writing to the

substitution of any other mutual fund or investment medium as the measured base for determination of the amounts of Employee's benefits under paragraph 7 below.

7. Starting with the first year of distribution, the Directors of the Corporation shall adopt one of the following modes of distribution:

a. A lump sum distribution equivalent to the value, determined on date of the Employee's termination or as near thereto as practicable, of the total number of the mutual fund shares designated by the Employee which could have been purchased by the Corporation with the amounts set aside pursuant to paragraph 3. For this purpose mutual fund shares designated by the Employee under paragraph 6 shall be determined as if such shares had been purchased immediately after the amounts specified had been set aside in accordance with paragraph 3.

b. Periodic installments over any period not exceeding the Employee's or beneficiary's life expectancy. The number of such installments shall be measured by no more than the number of years in the Employee's or beneficiary's life expectancy at the time of initial distribution. The amount of each installment shall be determined by dividing the value, on the date of the Employee's termination, or as near thereto as practicable, of the mutual fund shares which could have been acquired in accordance with (a) above by the number of installments remaining to be paid.

8. Neither Employee nor his beneficiary shall have any right to commute, sell, assign, transfer, or otherwise convey the right to receive any payments hereunder which payments and the right thereto are expressly declared to be nonassignable, nontransferable, and nonforfeitable, nor shall any interest of Employee herein be liable for any claim of any creditor or subject to any judicial process involving Employee.

9. This Agreement shall be binding upon the parties hereto, their successors, assignees, executors, beneficiaries, or administrators.

10. During the lifetime of Employee this Agreement may be amended or terminated, in whole or in part, by the mutual written agreement of Employee and the Board of Directors of the Corporation; provided, however, that no amendment or termination shall cause the payment of benefits provided herein to become forfeitable by the Employee.

IN WITNESS WHEREOF, the Corporation has caused this Agreement to be executed by its duly authorized officer, and Employee has hereunto set his hand and seal on the day and year first above written.

CABRINI MEDICAL CENTER

Date  8/4/78          By _Sister Josephine Tsuei_

Date _____          EMPLOYEE _____

SAMPLE

DEFERRED COMPENSATION AGREEMENT

THIS AGREEMENT, entered into this 15 day of ____December____, 1973

by and between ___Columbus Hospital___ a

corporation organized and existing under the laws of ___New York State___

(hereinafter referred to as "Corporation") and ___Dr. Daniele Salvioni___

(hereinafter referred to as "Employee").

W I T N E S S E T H :

WHEREAS, the Employee has acquired valuable knowledge and experience necessary
to the Corporation; and

WHEREAS, it is deemed to be in the best interest of the Corporation to pro-
vide for the uninterrupted services of Employee in such capacities as shall be assigned
by the Board of Directors of the Corporation until he reaches the age of sixty-five
(65) and thereafter to have the advantage of his services in a consulting and advisory
capacity and

WHEREAS, the Corporation and Employee desire to enter into this Agreement
as an integral part of Employee's employment contract:

NOW THEREFORE, in consideration of the premises and in order to effectuate
their mutual desires, purposes and intentions, the parties do agree as follows:

1. The Corporation has employed Employee as ___Director of Radiology___ and
Employee agrees to faithfully perform such services and duties as shall be assigned
to him by the Board of Directors and the Corporation until he retires or dies, or until
his employment is otherwise terminated as provided herein. Employee shall be paid
by the Corporation a salary at such annual rate as shall be determined by the Board
of Directors of the Corporation from time to time.

2. Employee shall retire from the Corporation on the last day of the month
in which he attains his sixty-fifth (65th) birthday unless the Corporation requests,
and Employee agrees to continue his employment beyond that date. "Retirement" as
used in this Agreement shall refer to Employee's actual retirement from the Cor-
poration.

3. On or about the last day of each month beginning with the first month
of the calendar year following the day and year first above written, while Employee
remains in the employ of the Corporation, the Corporation will purchase in the name
of the Corporation, mutual fund shares of (Bullock Fund, Ltd., Dividend Shares, Inc.,

-1-

or New York Venture Fund, Inc.) in amounts totaling ____Fourteen Thousand____

($ __14,000.00__ ) Dollars per annum in accordance with the terms of an Accumulation

Plan of such mutual fund which provides for the automatic reinvestment in additional

shares of said Fund of all dividends and distributions (both from income and capital

appreciation) which may accrue therefrom. Employee shall have no right in such mutual

fund shares, which shall be the absolute property of the Corporation.

4. Employee shall have the right to designate a beneficiary and, from time

to time, to change such designation by written notice delivered to the Corporation.

If there is no designated beneficiary surviving when a payment is due, payment of any

benefits which may be payable shall be made to the person in, or divided equally among

all the persons in the first of the following classes in which there shall be any

survivors of Employee:

      (a) his spouse;
      (b) his children;
      (c) his parents;
      (d) his brothers and sisters;
      (e) his executors or administrators.

5. Employee, or his beneficiary, shall receive distributions, as hereinafter

provided, as soon as practicable following Employee's termination of employment with

the Corporation.

6. Starting with the first year of distribution, the Directors of the Cor-

poration shall adopt one of the following modes of distribution;

    (a) A lump sum distribution equivalent to the value of the total

        number of mutual fund shares accumulated by the Corporation

        pursuant to this Agreement.

    (b) Periodic installments over any period not exceeding the Employee's

        or beneficiary's life expectancy.

        The number of such installments shall be measured by no more than

        the number of years in the Employee's or beneficiary's life

        expectancy at the time of initial distribution. The fraction

        determining the total yearly payment, shall become progressively

        greater. For example, if life expectancy is fifteen years, for

        the first year there shall be paid 1/15th of the value of the total

        number of mutual fund shares accumulated by the Corporation pursuant

        to this Agreement, for the second year 1/14th of the remaining value

        at such time and preceeding until distribution has been fully com-

        pleted at the fifteenth year.

7. Employee shall elect whether to receive any of the above distributions in the form of cash or mutual fund-shares.

8. Employee and the Corporation may at any time agree in writing to the substitution of any other mutual fund or investment medium as the measured base for determination of the amounts of Employee's benefits under Paragraph 6. above.

9. Neither Employee nor his beneficiary shall have any right to commute, sell, assign, transfer or otherwise convey the right to receive any payments hereunder, which payments and the right thereto are expressly declared to be non-assignable, non-transferable and non-forfeitable, nor shall any interest of Employee herein be liable to any claim of any creditor or subject to any judicial process involving Employee.

10. This Agreement shall be binding upon the parties hereto, their successors, assigns, executors, beneficiaries or administrators.

11. During the lifetime of Employee this Agreement may be amended or terminated, in whole or in part, by the mutual written agreement of Employee and the Board of Directors of the Corporation; provided, however, that no amendment or termination shall cause the payment of benefits provided herein to become forfeitable to the Employee.

12. During the period which Employee is receiving payments hereunder he will render to the Corporation such services of any advisory or consultative nature as the Corporation may reasonably require, so that the Corporation may continue to have the benefit of his experience and knowledge of the affairs of the Corporation and he will be available for advice and consultation to the officers and Directors of the Corporation at all reasonable times by telephone, letter or in person, provided, however, that his failure to render such services or to give such advice and consultation by reason of his illness or unavailability shall not affect his right to receive such payments during such period. Employee shall not be required to render any reports to the Corporation, nor shall he be required to observe any regular office hours in connection with the provisions of this Paragraph 12.

IN WITNESS WHEREOF, the Corporation has caused this Agreement to be executed by its duly authorized officer, and Employee has hereunto set his hand and seal on the day and year first above written.

CORPORATION: Columbus Hospital

EMPLOYEE: _____
Daniele Salvioni

(sgn) _____
Vincent Massaro
Assistant Administrator - Finance

-3-