UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                   :        Chapter 11
                                         :
CABRINI MEDICAL CENTER,                  :        Case No. 09-14398 (AJG)
                                         :
                       Debtor.           :
                                         :
------------------------------------------------------------x

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

## AFFIDAVIT OF MANNUCCIO MANNUCCI, M.D. IN OPPOSITION TO
## DEBTOR'S MOTION FOR ORDER CLASSIFYING AND FIXING CLAIMS

MANNUCCIO MANNUCCI, M.D., under penalty of perjury, declares:

1.      I am one of the Creditors in this action.  I respectfully submit this Affidavit in opposition to the Motion of the Debtor ("Cabrini" or "Debtor") for Order Classifying and Fixing Claims Filed by the Mannucci Parties.  I make this Affidavit based on my personal knowledge of the events and issues discussed below.

2.      Pursuant to an ERISA deferred compensation plan that my employer, Cabrini set up for me in the 1970s, Cabrini withheld certain amounts of my annual compensation for many years and put it into a separate brokerage account in my name.  In 2006-2007, long after I had retired, however, without my prior knowledge or consent, Cabrini improperly took all of the funds in my account and stopped making the yearly distributions to me as required by the plan.  Cabrini took a total of $771,843.47 from my deferred compensation account.

3.  Because Cabrini had no legal right to the funds in my deferred compensation account, those funds never could have become funds of the Debtor's Estate and should be returned to me immediately in full.

## Background

4.  The other creditor-parties, Angelo Taranta, M.D., Guido Padula, M.D., and I are three physicians, each of us in our 80s, and Mrs. Dilva Salvioni, the widow of the fourth doctor, Daniele Salvioni, M.D. (the "Mannucci Parties"). We seek to recover the money that Cabrini misappropriated from our deferred compensation investment accounts at Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") (the "Deferred Compensation Accounts") - accounts established solely for our Cabrini-sponsored deferred compensation plans (the "Deferred Compensation Plans").

## My Deferred Compensation Plan

5.  I am a trained and licensed psychiatrist who was affiliated with Cabrini from 1974 until my retirement from the hospital in 2000.

6.  In the mid-1970s, Cabrini set up a Deferred Compensation Plan on my behalf into which Cabrini was obligated to pay a certain amount annually as part of my compensation.

7.  Contrary to the Debtor's Motion papers, Cabrini never involved me in any negotiations whatsoever concerning the terms of my Deferred Compensation Plan. It was a Plan established entirely by Cabrini. I believe the same was true for all of the Mannucci Parties; Cabrini designed the Deferred Compensation Plans that it offered to us.

2

8.     Cabrini set up separate brokerage accounts for each of the Mannucci Parties exclusively to invest our deferred compensation. Dividends and interest from the funds were supposed to be reinvested in our accounts.

9.     The Deferred Compensation Plan directed that either I or my designated beneficiary would receive distributions upon my termination of employment with Cabrini.

## My Merrill Lynch Account

10.     From 1998 on, I received monthly and year-end account statements for my Deferred Compensation Account directly from Merrill Lynch.[1] These were mailed to my home address. The account statements clearly identified my name as the account holder "FAO DR. MANNUCIO MANNUCCI" and provided details on funds in my account, setting forth the balance and any gains or losses for the period. I also received trade confirmations from Merrill Lynch for sales of mutual fund shares for my yearly distributions. This led me to believe -- and I did believe -- that funds in the Merrill Lynch account were my funds. Copies of examples of my Merrill Lynch account statements and trade confirmations are attached as Exhibit A.

11.     After I retired from Cabrini, from 2001 to 2006, I received yearly distributions from my Deferred Compensation Plan, funded directly from my Deferred Compensation Account at Merrill Lynch. Attached as Exhibit B are some of the cover letters from Cabrini that came with my distribution checks. Those letters referred to the "year end balance" in my Merrill Lynch Account.

---

[1] I believe the Deferred Compensation Accounts for all the Mannucci Parties were moved from another brokerage firm in 1998. From 1998 until Cabrini took out all of the money in 2007, my account was always at Merrill Lynch.

12.    The Deferred Compensation Plans stated that (if lump sums were not to be distributed), the amounts of yearly distributions were to be determined according to a formula based on each of the Mannucci Party's life expectancy and the year-end value each year.  Based on my life expectancy, Cabrini gave me 1/13 of the value of my Merrill Lynch account in 2001, 1/12 of the value in 2002, 1/11 the following year and so on until Cabrini misappropriated the funds in 2006 and stopped making distributions to me.  Because each Plan's formula was pegged to the individual Mannucci Party's yearly account balance, there was no way the Deferred Compensation Plans' yearly distributions could have come from the general assets of Cabrini.

13.    After each yearly distribution, my Merrill Lynch account statements reflected the annual distribution.

**The Admitted Appropriation of our
Deferred Compensation Funds in November 2006**

14.    In November 2006, without any prior warning, I received a letter from Robert Chaloner, Cabrini's then President and CEO, stating that Cabrini was in desperate need of working capital in order to maintain its operations and that, as a result, Cabrini "must temporarily move $486,000 from the deferred compensation investment account <u>designated for your benefit</u> into the Medical Center's general operating account." (emphasis added)  That letter (the "November 2006 Letter") is attached as <u>Exhibit C</u> hereto.

15.    The November 2006 Letter also stated:

> **It is expected that these funds, along with any interest that would have accrued, will be returned to the deferred compensation investment account during 2007. . . . Please be assured that Cabrini Medical Center**

4

**is committed to fulfilling its obligation under the Deferred Compensation Agreement with you, including making the 2007 distribution, and will keep you informed of the progress of our efforts to replenish the deferred investment account.** (Exhibit C (emphasis added))

16.     I also understood that Letter to contain a promise by Cabrini to return the money they had taken from my Deferred Compensation Account.

17.     Each of the Mannucci Parties received his own virtually identical version of the November 2006 Letter with respect to his own Deferred Compensation Account.

18.     Through 2007 Cabrini continued to withdraw funds from our accounts. We were never notified of these further withdrawals.

19.     In total, according to Cabrini's own records, Cabrini took $771,843.47 from my account and a total of $2,956,176.01 from all four of the Mannucci Parties' Deferred Compensation Accounts (Attached hereto as Exhibit D is a letter from Cabrini's counsel which confirms those numbers).

20.     Cabrini failed thereafter to make the yearly payments to us required by our Deferred Compensation Plans for 2006 through 2011.

21.     At the time of Cabrini's looting, we were all retired from Cabrini. Therefore, on that additional basis, Cabrini had no right to the funds in our Merrill Lynch accounts.

22.     On November 19, 2009, I filed a Proof of Claim for the entire amount of misappropriated funds in the Bankruptcy Court. The other Mannucci Parties similarly filed their Proofs of Claim.

23.     These misappropriated funds were to be used for our retirement and are sorely needed for our living expenses.

24.     Based upon the facts above and in the Mannucci Parties' brief, I respectfully request that the Court deny the Debtor's Motion for Order Classifying and Fixing Claims and order the Debtor to return all of the Mannucci Parties' Deferred Compensation Plan funds in full immediately.

Mannuccio Mannucci, M.D.

Sworn to before me this
___ day of February 2011

Notary Public

JORDAN D. BECKER
Notary Public, State of New York
No. 60-5001832
Qualified in Westchester County
Commission Expires ................

6